IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD HIGBIE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2636-L** |
| | § | |
| **HILLARY RODHAM CLINTON,** | § | |
| In her official capacity as Secretary | § | |
| of State, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Partial Motion [sic] to Dismiss, filed January 23, 2012. After carefully reviewing the motion, response, pleadings, and applicable law, the court **denies** Defendant's Partial Motion [sic] to Dismiss.

**I.    Factual and Procedural Background**

Plaintiff Richard Higbie ("Plaintiff" or "Higbie") brought this lawsuit on October 5, 2011, against Defendant Hillary Rodham Clinton ("Defendant" or "Clinton"), alleging employment discrimination by an agency operated under the United States Department of State ("Department of State"). Higbie's allegations in Count Three of his Complaint arise from an alleged breach of an agreement to mediate an administrative claim related to his employment discrimination lawsuit. He alleges that two supervisor agents disclosed information discussed during mediation to an Equal Employment Opportunity ("EEO") investigator. Defendant has moved for dismissal of Count Three of Plaintiff's Complaint because the relevant statute does not provide recovery for a breach of a confidentiality agreement.

**Memorandum Opinion and Order – Page 1**

Higbie is a Senior Criminal Investigator/Senior Special Agent with the Bureau of Diplomatic Security ("BDS") within the Department of State. He currently serves in the Dallas Resident Office, which operates under the direction of the Houston Field Office. Previously, Higbie was employed as a Foreign Service officer; he was converted to a Civil Service officer after filing an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") and subsequently reaching a settlement with the Department of State in 2005. In his discrimination suit, he alleges that the Resident Agent in Charge in the Dallas Office removed him from assuming the role of Acting Resident Agent in Charge, despite this role being outlined in his job duties. He also complains of continuous discriminatory practices by the agency after the previous settlement.

In 2009, Higbie contacted an EEO counselor to begin the process of filing a complaint. Higbie alleges that after filing a formal discrimination complaint and signing an EEO/Alternative Dispute Resolution-Agreement to Mediate, two direct supervisors provided an EEO investigator with affidavits containing confidential information regarding mediation. The agreement to mediate contained a standard confidentiality clause that stated: "Mediation is a confidential process. Any documents submitted to the mediators and statements made during the mediation are for settlement purposes only." (hereinafter, "Confidentiality Agreement"). Pl.'s Compl. 17. The Complaint alleges that by providing the affidavits to the EEO investigator, the agency demonstrated a willful attempt to further discriminate against Higbie while he engaged in protected activity.

## II.     Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.     Analysis**

Defendant's motion focuses on Plaintiff's inability to bring a claim for breach of a confidentiality agreement under the Administrative Dispute Resolution Act of 1996 ("ADRA"). Defendant contends that the ADRA or Department of State regulations do not permit a cause of action for breach of a confidentiality agreement. The ADRA provides that an agency may use a dispute resolution proceeding for the resolution of an issue involving the determination of rights, privileges, and obligations of private persons. 5 U.S.C. §§ 572(a), 571(2) (West 2007). The confidentiality clause of the ADRA provides that unless a communication falls within the enumerated exceptions, a party cannot voluntarily disclose the communication and cannot be forced to disclose a communication through a discovery request or by any other compulsory process. 5 U.S.C. § 574(b). Defendant argues that the ADRA amounts to a rule of evidentiary exclusion and does not expressly provide for a cause of action for violating the statute and does not provide for damages for

any such violation. Further, Defendant contends that Higbie cannot challenge the Confidentiality Agreement because the Fifth Circuit, as a matter of law, has dismissed specific counts of a plaintiff's claim when the relevant statute did not provide for a cause of action.

Higbie requests that the court deny Defendant's motion, or, in the alternative, grant leave to amend his Complaint. Plaintiff agrees that Count Three of the Complaint is based on the breached Confidentiality Agreement that was signed by representatives of the agency. As a result of the breach, Plaintiff asserts he has sustained damages. Plaintiff, however, clarifies in his response to Defendant's motion to dismiss that Count Three alleges a cause of action based on breach of contract principles and not based on the ADRA. Thus, Higbie does not contend that the ADRA provides him with a cause of action. Therefore, although Defendant contends the ADRA provides no recovery for the alleged violation, Plaintiff may possibly recover under a breach of contract claim. *See, e.g., Southwest Airlines Company v. BoardFirst, L.L.C.*, 2007 WL 4823761 (N.D. Tex. Sept. 12, 2007) (adjudicating a state law breach of contract claim in a federal question case brought pursuant to the Computer Fraud and Abuse Act). Plaintiff's clarification with respect to his breach of contract claim eliminates Defendant's concern that such claim is not legally cognizable under the ADRA; however, this clarification or supplementation is not part of his pleadings. This court will address this deficiency in the following section and require Plaintiff to replead.

**IV.     Amendment of Pleadings**

Plaintiff has requested leave to amend his Complaint. The court determines that Plaintiff should amend his Complaint to make clear that Count Three alleges a claim for breach of contract. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A scheduling order has not been issued in this case, and thus a deadline for amendment of pleadings is not in effect.

The court can think of no undue prejudice or delay that would occur to Defendant by the amendment of Higbie's Complaint. The court determines that under the liberal standards of Rule 15, Higbie's request to amend his Complaint should be granted.

## V. Conclusion

For the reasons herein stated, the court **denies** Defendant's Partial Motion [sic] to Dismiss and **grants** Plaintiff's request for leave to amend his Complaint. Accordingly, Plaintiff shall file his amended pleading within **three business days** of this order.

**It is so ordered** this 20th day of June, 2012.

Sam A. Lindsay
United States District Judge