IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD HIGBIE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-2636-L** |
| | § | |
| **JOHN KERRY, in his official capacity** | § | |
| **as Secretary of State**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Richard Higbie's ("Plaintiff" or "Higbie") Opposed Motion for Leave to 1) Authenticate Documents Submitted in Support of Response to Summary Judgment and 2) File Amended Response to Defendant's Motion for Summary Judgment ("Motion"), filed August 8, 2013. After careful consideration of the motion, response, record, and applicable law, the court **denies** the Motion.

In his Motion, Plaintiff seeks an order from the court:

1.  Allowing Plaintiff to expeditiously serve admissions (within 5 days) upon Defendant to authenticate any documents produced by Defendant 23 days prior to close of discovery including Ex. "L" submitted under seal as evidence in opposition to Defendant's Motion for Summary Judgment;

2.  Directing Defendant to expeditiously (a time-frame of 7 to 10 days) provide answers to the authentication admissions concerning documents produced on May 13, 2013, twenty-three days prior to the close of discovery;

3.  Permitting Plaintiff to supplement the admission answers for authentication purposes (5 days after received); and [sic]

**Memorandum Opinion and Order - Page 1**

> 4. Granting leave to file an Amended Summary Judgment Response (within 5 days of order) and permitting Defendant to file an amended reply within five days of Plaintiff's filing of an Amended Response; [and]
>
> 5. Alternatively, Plaintiff seeks leave to file authentication materials.

Pl.'s Opposed Mot. for Leave 1. Plaintiff contends that he deserves an opportunity to serve authenticating admissions in connection with the documents produced by Defendant twenty-three days prior to the discovery deadline. According to Higbie, Defendant authenticated, through admissions and deposition testimony, some of the documents to which it now objects in his summary judgment response. Plaintiff states that he "did not anticipate" some of the objections to those documents and argues that most of them should be overruled as they "constitute wholly frivolous objections solely designed to increase the costs of litigation." To the extent the court sustains any of Defendant's objections to his summary judgment evidence, Plaintiff requests leave to allow him to authenticate the evidence.

Defendant opposes the Motion on the basis that Higbie's request is untimely, as it comes after the passage of the deadlines for the completion of discovery, the filing of any motions to compel or impose sanctions on the basis of alleged deficiencies in discovery, and briefing on its summary judgment motion has closed. Defendant contends that the additional discovery and summary judgment briefing that Plaintiff seeks would encroach on the fast-approaching October 1, 2013 special trial setting. According to Defendant, the establishment of firm deadlines in a scheduling order is designed to prevent precisely this type of pretrial scheduling crunch on the court and the parties. Further, the government argues that, if it authenticated certain documents, as Higbie contends, Higbie nonetheless chose not to include any of this allegedly authenticating evidence as part of his summary judgment response and, instead, submitted a number of "loose"

**Memorandum Opinion and Order - Page 2**

documents without laying any evidentiary foundation for them. Therefore, Defendant argues, it properly objected to these documents as incompetent summary judgment evidence.

Although Plaintiff labels his Motion as one to "authenticate" documents submitted in response to Defendant's summary judgment motion, what he really seeks is to reopen discovery, which would necessarily require the court to amend the current scheduling order. At this late stage, the court declines to do so.

Before the court can modify a scheduling order, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Id*. (internal quotation marks, brackets, and citations omitted).

Pursuant to this court's First Amended Scheduling Order, discovery was to be completed by June 3, 2013, and any motion to compel was to be filed by June 10, 2013. Higbie, however, did not seek any extension of discovery or file a motion to compel regarding the additional discovery he now seeks before the expiration of these respective deadlines. Instead, Higbie now requests the court to reopen discovery for the purpose of supplementing his summary judgment evidence, more than two

months after the expiration of the deadlines for discovery and the filing of discovery-related motions have passed and after the briefing has closed on Defendant's pending summary judgment motion. As Defendant points out, this would have the effect of having the parties file a new round of summary judgment briefs. The dispositive motion deadline in this case was June 17, 2013.

The court determines that Plaintiff sets forth no good cause for the court to modify its scheduling order by reopening discovery and allowing him to amend his response to Defendant's summary judgment motion. That Plaintiff "did not anticipate" evidentiary objections to its summary judgment evidence by Defendant does not show that Plaintiff was diligent in responding to Defendant's summary judgment motion. As the party opposing summary judgment, it was Higbie's burden to come forward with sufficient evidence to show that a genuine dispute of material fact exists, and, in doing so, he was required to establish the admissibility and evidentiary competence of any documents upon which he relied.

Moreover, Plaintiff's contention that Defendant unnecessarily delayed producing documents until 23 days before the discovery deadline is quite beside the point. Plaintiff contends that he had "no opportunity to authenticate the documents with admissions because they were produced less than thirty days before the close of discovery." If Defendant's alleged untimely production was so detrimental to Higbie's ability to come forth with competent summary judgment evidence, he should have sought a modification of the extension of the discovery, motion for sanctions, or dispositive motion deadlines. He did not do so. He failed to do so because he believed "the exercise of Plaintiff authenticating documents untimely produced by a Department of the United States purporting them to be what they are and [that] are maintained by the U.S. Government seems to be an unnecessary endeavor and certainly time and expense unnecessarily incurred." Pl.'s Opposed Mot for Leave 10.

**Memorandum Opinion and Order - Page 4**

This was not a situation in which Plaintiff had no opportunity to authenticate the documents. He made a choice to pursue a strategy that did not produce the desired outcome. That Plaintiff believed it was unnecessary or too costly to authenticate the documents when they were first produced does not show to the court "that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted).

More importantly, Higbie states that Defendant already authenticated these documents in its testimony and in its requests for admissions and provides copies of deposition transcripts that he asserts lay a foundation for his summary judgment exhibits. If Plaintiff has in his possession authenticating evidence, the court finds no need to reopen discovery or grant him leave to amend his summary judgment response. Further, the court determines that the first, third, and fourth factors weigh against amending the scheduling order. A court should not amend a scheduling order when the fault lies primarily with the movant. Finally, "[d]istrict judges have the power to control their dockets by refusing to give . . . litigants a second chance to develop their case." *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citation omitted).

For the reasons stated herein, the court **denies** Plaintiff's Motion.

**It is so ordered** this 27th day of August, 2013.

Sam A. Lindsay
United States District Judge